**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

KEVIN KERR,

    Plaintiff,

v.                                                             Case No. 20-12843

NEW INVESTMENT PROPERTIES, et al.,

    Defendants.

_____/

**ORDER DISMISSING CASE WITHOUT**
**PREJUDICE UNDER 28 U.S.C. § 1915(g)**

Plaintiff Kevin Kerr is a state prisoner at Allenwood Federal Prison Camp at White Deer, Pennsylvania. He recently filed a *pro se* civil complaint titled "Complaint for Condemnation."

Plaintiff did not prepay the filing fee for this action, and a review of his litigation history indicates that more than three of his prior federal cases were dismissed for failure to state a claim. Under the "three strikes" provision of the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321-66 (1996), a prisoner may not bring a civil action without prepayment of the filing fee "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted ." 28 U.S.C. § 1915(g). An exception to this rule exists when "the prisoner is under imminent danger of serious physical injury." *Id.*

The following cases were filed by Plaintiff when he was a prisoner, and each case was dismissed for failure to state a claim: *Kerr v. Hammond*, 03-03051 (W.D. Mo. 2003); *Kerr v. McCoy*, 09-00079 (E.D. Ky 2009); *Allah v. Miss Hollenbach,* 05-1165 (MD Pa. 2005); *Kerr v. Bey*, 03-cv-72692 (E.D. Mich. 2003), *Kerr v. Department of Justice*, 19-11640 (E.D. Mich. 2019). Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within the exception to the three strikes rule, a prisoner must allege that the threat or prison condition is "real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). As the Sixth Circuit recently clarified, the type of physical injury alleged must "have potentially dangerous consequences such as death or severe bodily harm" to qualify as "serious" for purposes of § 1915(g). *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019). Nothing in the pending complaint even remotely suggests that Plaintiff is in imminent danger of serious physical injury. Accordingly,

IT IS ORDERED that the complaint is summarily DISMISSED under 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with prepayment of $350.00 for the filing fee and an administrative fee of $50.00. Any such complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed, in whole or in part, under 28 U.S.C. § 1915A(b), which requires a federal court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which

2

relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."

IT IS FURTHER ORDERED that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: January 15, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 15, 2021, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (810) 292-6522

S:\Cleland\Cleland\CHD\1915\20-12843.KERR.1915.ThreeStrikes.chd.docx