UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KEVIN KERR,

      Plaintiff,

v.                                                           Case No. 20-12843

NEW INVESTMENT PROPERTIES, LLC, et al.,

      Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO FILE A "RENEWED" COMPLAINT AND DISMISSING COMPLAINT WITH PREJUDICE

Plaintiff Kevin Kerr is a state prisoner at Allenwood Federal Prison Camp in White Deer, Pennsylvania. He filed a *pro se* civil complaint titled "Complaint for Condemnation." (ECF No. 1.) Because Plaintiff did not prepay the filing fee for the action, the court previously dismissed this case without prejudice as Plaintiff had accrued more than "three strikes" under 28 U.S.C. § 1915(g) for filing meritless civil complaints while incarnated. (ECF No. 5.)

The court noted that Plaintiff could proceed with his claim by "filing of a new complaint with prepayment of $350.00 for the filing fee and an administrative fee of $50.00." (ECF No. 5, PageID.22.) But the court expressly warned Plaintiff that:

> Any such complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed, in whole or in part, under 28 U.S.C. § 1915A(b), which requires a federal court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted' or 'seeks monetary relief from a defendant who is immune from such relief.'

(*Id.*, PageID.22-23.)

1

Plaintiff has now filed a motion "Motion for Relief," indicating that Plaintiff has paid the $400 filing fee in full and requesting permission to file a renewed complaint. (ECF No. 6, PageID.24-25.) The court clerk confirms that Plaintiff has paid the requisite filing fee, so the court will grant permission to file his "Renewed Petition for Condemnation." (*See* ECF Nos. 6, 7.) Nevertheless, the court is required to screen this amended complaint under 28 U.S.C. § 1915A, and after doing so, the court finds it must dismiss Plaintiff's complaint with prejudice for failure to state a claim upon which relief can be granted.

The "renewed petition" remains hard to decipher and fanciful, but the general thrust is that Plaintiff (who styles himself as "The God of the Present Moroccan Empire") seeks equitable relief ordering "the United States of America" to use its "eminent domain" powers to acquire the historic Michigan Central Station in Detroit and "operate the building" as a "Headquarters" and "Ecclesiastical Court Facility" for his religious order which he claims has "1.5 billion" members. (ECF No. 7, PageID.30-32.) Plaintiff's complaint seems premised on the idea that Michigan Central's 1975 listing on the National Registry of Historic Places—which he has attached to his complaint—means that the National Park System "acquired" an "interest" in the property. (*Id.*) Given this interest, he argues that the government is statutorily required by the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq*., to give Plaintiff's proposed use preference over the owner's current plan to renovate the station as an "autonomous automobile campus-research center and mixed use facility."[1] (*Id.*)

---

[1] Presumably Plaintiff is referring to the Ford Motor Company's current restoration of the Michigan Central, underway since 2018, which intends "to transform the former

2

"The Prison Litigation Reform Act ('PLRA') requires district courts to screen and dismiss complaints that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)." *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). Section § 1915A applies whenever "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." "The screening procedures established by § 1915A apply whether the plaintiff has paid the entire filing fee or is proceeding in forma pauperis." *Randolph v. Campbell*, 25 F. App'x 261, 263 (6th Cir. 2001).

Perhaps hoping to evade screening under § 1915A, the caption of the "renewed" complaint lists "New Investment Properties I, LLC"—the entity listed as the train station's owner on the warranty deed attached to the complaint—as the only Defendant.[2] And Plaintiff lists the "United States of America" as an "ex rel. plaintiff" in the heading of his action. (ECF No. 7, PageID.27, 49.)

Creative labeling, however, does not excuse this court from its obligation under Section §1915A to conduct such screening. The plain language of § 1915A(a), which applies whenever a prisoner-plaintiff "*seeks redress* from a governmental entity," makes

---

train depot and its 18-story office tower into the centerpiece of Ford's 30-acre, $950 million Corktown mobility and innovation campus." *See* Jordyn Grzelewski, *A Look Inside Michigan Central Depot, where Restoration Moves Along Ahead of 2023 Opening,* Detroit News (Jan. 12, 2022), https://www.detroitnews.com/story/business/autos/ford/2022/01/12/ford-eyes-mid-2023-michigan-central-depot-opening-work-progresses/9135895002/ [https://perma.cc/2ZJ6-ER9M].

[2]   In the body of the complaint, Plaintiff also lists Phillips Lytle LLP as an entity known to "to have an interest or claim in the property," but if it is unclear if he also considers it to be a Defendant. (ECF No. 7, PageID.29.)

3

clear such screening is not limited to instances where the government or its agents are explicitly listed in the caption as a defendant. Here, Plaintiff seeks an injunction requiring the Federal government to both exercise its powers of eminent domain and operate a facility for the benefit of Plaintiff's prorupted religious order. (*See* ECF No. 7, PageID.30.) Despite Plaintiff's listing of private LLC as the only putative Defendant, the court concludes that his claim actually seeks redress against the Federal government as the primary Defendant.

Plaintiff's meandering arguments here are both "frivolous" and "fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). An action is frivolous when it is based on either an inarguable legal conclusion or fanciful factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 (1989). A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'" must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir.2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Plaintiff's claims are clearly fanciful and present no valid factual or legal grounds that would require the government seize private property such as the Michigan Central Station so Plaintiff could use it for his religious organization. The building's listing on the national register of historic places does not grant the Federal government any property interest in the structure or otherwise restrict its use. *See* 36 C.F.R. § 60.2 ("Listing of

4

private property on the National Register does not prohibit under Federal law or regulation any actions which may otherwise be taken by the property owner with respect to the property."). Second, RLUIPA only prevents any government entity from "impos[ing] or implement[ing] a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person." 42 U.S.C. § 2000cc(a)(1). "To invoke the protection. . . of RLUIPA, plaintiffs bear the burden of first demonstrating that the regulation substantially burdens religious exercise." *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1225 (11th Cir. 2004). Plaintiff points to no land use regulation that would prevent him from operating a religious institution in the train station if he legally acquired it, so he also fails to state a valid claim against the government under RLUIPA.

In sum, Plaintiff has stated no valid claims against the government that can survive screening under Section §1915A, and his complaint lists no claims directly against the private Defendant(s) nominally listed in the complaint. Therefore, the court must dismiss Plaintiff's present complaint in its entirety. Accordingly,

IT IS ORDERED that Plaintiff's "Motion for Relief from Order Dismissing Case" (ECF No. 6) is GRANTED so Plaintiff may file his "Renewed Petition" (ECF No. 7).

IT IS FURTHER ORDERED that Plaintiff's "renewed" complaint (ECF No. 7) is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A.

   s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 9, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 9, 2022, by electronic and/or ordinary mail.

                                               s/Lisa Wagner  
                                               Case Manager and Deputy Clerk  
                                               (810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\20-12843.KERR.GrantMotionForReliefAndScreenCase.AAB.RHC.docx